# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HENRI THOMPSON, et al.,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, et al.,

    Defendants.

2:09-CV-905 JCM (RJJ)

# ORDER

Presently before the court is counter-claimant American Family Mutual Insurance Company's motion to reconsider the magistrate judge's order denying (in full): (1) motion to compel interrogatories (doc. #93); (2) motion to compel full initial disclosures and responses to requests for production (doc. #94); and (3) motion to compel requests for admission (doc. #95). (Doc. #154).[1] To date, no response has been filed.

On November 23, 2010, counter-claimants filed the three motions which are the subject of this reconsideration. A hearing was scheduled before Magistrate Judge Johnston for January 7, 2010 (doc. #112); however, no argument was heard at that time, and the hearing was reset for March 26, 2010 (doc. #131). On March 16, 2010, the court issued a minute order requesting that the parties meet and confer to discuss the disputed discovery issues and thereafter file a joint status report. (Doc. #132).

---

[1] This document was originally titled as an "objection." However, as it should have been submitted as a motion, it was subsequently re-named by the court.

**James C. Mahan**
**U.S. District Judge**

On March 19, 2010, the parties filed a status report, stipulation, and order requesting an extension of time to file supplemental written discovery responses. (Doc. #133). No such responses were ever filed, and the court vacated the scheduled hearing (doc. #135).

Thereafter, on April 30, 2010, the parties filed a joint status report indicating that they "agreed that certain responses would, at this time, be deemed adequate and therefore withdrawn from the scope of American Family's motions." (Doc. #137). However, the status report also noted that "[t]he sufficiency of other discovery responses . . . remains in dispute notwithstanding, in some instances, supplementation." (*Id.*) The status report fails to specify which issues had been resolved and which remained outstanding.

The status report notes that further supplementation was agreed to, conditioned upon the parties' review of the transcript of the January 7, 2010, hearing, during which American Family's counsel allegedly represented that American Family possessed a list of policyholders that were induced to terminate their insurance policies by counter-defendants. Although American Family disputed that counsel ever made such a representation, it agreed to order the transcripts and to try to narrow the discovery issues. On July 16, 2010, American Family filed a supplement to the motions to compel, which describes the remaining discovery disputes. (Doc. #145).

On September 7, 2010, in a minute order, Magistrate Judge Johnston denied all three pending motions to compel (docs. #151, 152, 153), and on September 20, 2010, the counter-claimants filed the instant motion for the district judge to reconsider those orders (doc. #154). The magistrate judge's order provides no analysis as to why the motions were denied.

The district judge reviews determinations made by the magistrate judge under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); LR 3-1. However, the court agrees with American Family that the magistrate judge has made no findings of law or fact in the disputed orders. Accordingly, the court finds it necessary to review the issues de novo.[2]

---

[2] Please note that discussions of requests for admission, interrogatories, or requests for production of documents are summaries used for contextual purposes only. The court has not restated every question and answer verbatim for purposes of this order. Responses should be directed to the language of the true discovery requests.

**James C. Mahan**
**U.S. District Judge**

- 2 -

I.      **Motion to Compel Interrogatories (doc. #93) as Amended by Supplement (doc. #145)**

   A.      Interrogatory #1

American Family objects to Thompson and Thompson Agency's response to the first interrogatory, which requested identification of all communications made to or received from any American Family policyholder from December 10, 2008, to the present. This question is relevant because American Family alleges that, post-termination, the counter-defendants contacted and solicited American Family policyholders to cancel their policies in contravention of the parties' agency agreements.

American Family argues that the response is insufficient because it indicates that Thompson "identified some policyholders with whom she recalls having been in communication with[,]" but does not identify those policyholders by name. Counter-defendants had previously stipulated that, upon receipt of American Family's disclosure containing a list of the cancelled policies, they would provide written discovery responses. (Doc. #133). Although the list provided was lengthy, counter-defendants are held to the stipulation, and must provide a list that includes names of persons contacted. Simply stating that they have "identified some policyholders" is insufficient. The plaintiffs/counter-defendants shall amend their responses accordingly.

   B.      Interrogatory #2

American Family notes that Thompson and Thompson Agency have failed to supplement their responses to interrogatory two, which requested information, in any form, regarding any American Family policyholder within counter-defendants' possession from December 10, 2008, to the present. The response indicates that the relevant documents have been previously produced, but does not identify any specific document.

This response is insufficient. Pursuant to Federal Rule of Civil Procedure 33(d), where the answer to an interrogatory requires the submission of a business record, "the responding party must . . . specify the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Thus, Thompson and Thompson Agency shall amend the responses to sufficiently identify the documents.

**James C. Mahan**
**U.S. District Judge**

- 3 -

C. <u>Interrogatory #10</u>

American Family objects to the responses to interrogatory ten, which requested, for each breach of contract claim alleged, that the counter-defendants identify the contract and describe the date of each act or omission that caused the breach. The responses state that "the contract that American Family breached has been previously produced."

Pursuant to Rule 33(d), the parties shall identify the contracts and clarify Thompson's statement that certain "oral representations" were made, to state by whom they were made and the substance of those representations. However, the court finds that the remaining factual allegations laid out in the response are sufficiently responsive to the request.

D. <u>Interrogatory #13 to Thompson and #11 to Thompson Agency</u>

American Family objects to Thompson's response to interrogatory thirteen and the Thompson Agency's response to interrogatory eleven, both of which asked for identification of facts supporting the denial of paragraph thirty-nine of the counterclaims. The relevant paragraph states that "American Family takes reasonable precautions to protect the customer information." (Doc. #4). Both discovery responses state that "American Family has continued to send information to the Plaintiff which may be related to customer information. This information, of course, is being returned as part of Plaintiff (sic) answers to Defendants (sic) Request for Documents."

Again, this response fails to comply with the requirements of Rule 33(d). The interrogating party is unable, from the substance of this response, to sufficiently identify the referenced documents. The parties shall supplement these responses accordingly.

**II.    Motion to Compel Full Initial Disclosures and Responses to Requests for Production (doc. #94) as Amended by Supplement (doc. #145)**

A. <u>Requests for Production #4 and #5 as to Thompson and Thompson Agency</u>

Requests for production four and five seek letters, notices, post-cards, announcements and/or advertisements for Thompson/Agency or any other insurance business or agency to which they are related, from December 10, 2008, to the present, as well as associated distribution lists. American Family argues that counter-defendants have skirted their production obligations by only turning over

**James C. Mahan
U.S. District Judge**

- 4 -

selective samples.

Counter-defendants note that the requested mailers are sent weekly and average between one to two thousand per week. However, neither has objected to the scope of the question or claimed that this production is unreasonable. Therefore, providing "a sample distribution list" is insufficient, as American Family has requested all lists for the specified period of December 10, 2008, to the present. However, the court finds that producing a sample mailer, if all mailers sent to persons listed on the distribution list are identical, is sufficient.

B.  Requests for Production #6, #8, and #11 as to Thompson and Thompson Agency

These three requests for production seek various documents identifying efforts to sell insurance products to American Family policyholders. Both counter-defendants responded to this series of requests by stating that the relevant items are the property of Allstate and that they would not be produced absent a subpoena.

American Family alleges that it attempted to subpoena "Allstate" after receiving this production response. However, American Family represents that it contacted the Nevada Division of Insurance, which advised it of thirty-five different entities doing business under the generic name "Allstate" in Nevada. Accordingly, counter-defendants agreed to produce the name of the specific Allstate entity that employs them. To date, neither the agency contracts nor the identity of the employer has been disclosed. Additionally, counter-defendants have failed to produce any documentation from Allstate supporting their position that the requested documents will not be produced absent a subpoena.

The court again agrees with American Family that, to comply with the request for production, counter-defendants must either (1) provide the name of the Allstate entity employing them to allow American Family to subpoena that entity; (2) avail themselves of the protective order governing the confidentiality of proprietary information which has already been issued by this court; or (3) produce documentation from Allstate supporting their position.[3] The counter-defendants shall supplement

---

[3] The court notes that the counter-defendants have provided an address for Allstate's regional offices on page 4 of their opposition (doc. #147) to the supplement (doc. #145). Nonetheless,

1 their responses accordingly.

      C.      <u>Request for Production #13 as to Thompson and #15 as to Thompson Agency</u>

These requests for production seek the same information from each party–namely, documents dated December 10, 2008, to the present which relate to insurance quotes created for American Family policyholders that were assigned to Thompson as of December 10, 2008. In response, counter-defendants note that this information is "unknown," as Thompson did not have a list of former clients when she left American Family.

American Family has provided counter-defendants with a list of policyholders who cancelled their policies after Thompson's termination. Thus, the court agrees with American Family that counter-defendants cannot argue that the information is "unknown." The request for production shall be supplemented accordingly.

      D.      <u>Request for Production #13 as to Thompson and #16 as to Thompson Agency</u>

These requests for production seek the same information from each party–namely, any and all electronically stored information used in connection with counter-defendants' insurance businesses or agencies from September 2001 to the present. In response, counter-defendants assert that Thompson does not have any electronically stored information from her time as an agent for American Family. Counter-defendants argue that the information stored post-termination is protected from disclosure under the Gramm-Leach Bliley Act, 15 U.S.C. § 6802.

Although the court agrees that the Gramm-Leach-Bliley Act may not cover all information stored after Thompson's termination from American Family, it finds this question overly broad. The question shall be re-drafted to comply with Federal Rule of Civil Procedure 34(b)(1), which requires that a request for production "describe with reasonable particularity each item or category of items to be inspected."

      E.      <u>Requests for Production #31 and #32 as to Thompson</u>

These two requests for production seek communications between Thompson and Janet

---

counter-defendants shall comply with their discovery obligations and formally supplement the request for production accordingly.

Beasley and between Thompson and James Miller. Thompson has responded with an objection that the request is "over broad and burdensome," but also states that she is unaware of any documents which would be responsive to this request. American Family argues that this response is contradictory. American Family also lists three points of clarification to this question, which it claims to have provided to Thompson (doc. #145, p. 11).

The court finds that both the question and response should be supplemented. American Family should rephrase the question to include the three points listed in the supplement, and Thompson shall respond accordingly.

F.      Request for Production #35 as to Thompson

This request for production seeks documents concerning telephone and fax numbers assigned to Thompson from September 2001 to the present. In the supplement, Thompson provides phone bills from 2007 onward. However, Thompson states that she is not in possession of records from 2001 to 2007.

Pursuant to Federal Rule of Civil Procedure 34(a), requests for production include "items in the responding party's possession, custody, or control." Thompson states that records before 2007 are not within her possession. Accordingly, the motion is denied as to this request.

**III.   Motion to Compel Requests for Admission (doc. #95) as Amended by Supplement (doc. #145)**

A.      Requests for Admission #20 and #21 as to Thompson

American Family objects to the responses provided to these two requests for admission, alleging that each had been admitted prior to Thompson filing the supplemental responses.

Pursuant to Federal Rule of Civil Procedure 36(b), "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Accordingly, Thompson may not amend her answers without leave of the court, and these answers are ordered stricken.

B.      Requests for Admission #23 and #24 as to Thompson and Thompson Agency

As to Thompson, these two requests for admission seek information as to whether she

**James C. Mahan**
**U.S. District Judge**

- 7 -

assisted American Family policyholders assigned to her or the Agency in terminating their American Family policies. They are limited to the time period of December 10, 2008, to the present. Thompson claims that she is unable to admit or deny these requests, because she did not initiate such contact and simply provided a form to the customers.

This answer is non-responsive to the question, which asked whether Thompson assisted policyholders and not whether she initiated contact with them. Furthermore, if Thompson wishes to answer that she can neither admit nor deny the request, she shall comply with Federal Rule of Civil Procedure 36(a)(4): "the answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Accordingly, Thompson should further supplement this response.

As to Thompson Agency, these two requests seek an admission regarding whether the Agency accepted information about American Family policyholders assigned to Henri Thompson as of December 10, 2008, and whether the Agency provided those American Family policyholders with information about insurance products competitive to American Family. Rather than responding, the court agrees with American Family that Thompson Agency has attempted to re-frame the question rather than responding to it.

Accordingly, both Thompson and Thompson Agency should supplement their responses to (1) admit the requests if they have no reason to dispute their truthfulness and accuracy, (2) deny the request if they have a reasonable basis to dispute it, or (3) provide an adequately detailed explanation as to why they cannot respond. *See* FED. R. CIV. P. 36(a)(4).

C.      Requests for Admission #26 and #27 as to Thompson and Thompson Agency

As to Thompson, these two requests for admission seek information regarding any calls Thompson made to American Family policyholders assigned to her or the Thompson Agency as of December 10, 2008. Thompson has failed to admit or deny either request, but has responded that she never initiated such contact. Rather, Thompson states that she may have returned calls or had follow-up conversations with policyholders. The court agrees with American Family that this is neither an

**James C. Mahan
U.S. District Judge**

- 8 -

admission or a denial, and Thompson has also not alleged that she can neither admit nor deny the request.

As to Thompson Agency, these requests seek information as to whether the Agency assisted any American Family policyholders once assigned to it or Thompson in terminating or canceling their American Family policies. The Agency responds by noting that it did not make contact with any of these policyholders; rather, it simply sent the forms upon the customer's request. The court agrees with American Family that the Agency has not responded, nor has it provided a sufficient explanation as to why it can neither admit or deny this request.

Accordingly, both parties shall supplement these requests to (1) admit the requests if they have no reason to dispute their truthfulness and accuracy, (2) deny the request if they have a reasonable basis to dispute it, or (3) provide an adequately detailed explanation as to why they cannot respond. *See* FED. R. CIV. P. 36(a)(4).

### D. Requests for Admission #29 and #30 as to Thompson and Thompson Agency

As to Thompson, these requests seek to know whether Thompson has sent by email or by letter information about insurance products to American Family policyholders which would be competitive with American Family products. Thompson has failed to admit or deny, instead responding that she is "not aware of any . . . of them but has not gone through the thousands of mailers sent to determine if any were sent mailers."

Federal Rule of Civil Procedure 36(a)(4) requires that "the answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Here, Thompson has admitted that she has not gone through the documents in her possession that would allow her to admit or deny this request. Accordingly, Thompson should further supplement this response.

As to Thompson Agency, these requests seek an admission that the Agency called American Family policyholders assigned to it or to Thompson as of December 10, 2008. The Agency responds that it did not initiate those calls. The court agrees that this answer is not responsive to the request

1    for admission. Accordingly, the Agency shall supplement its response to (1) admit the requests if it
2    has no reason to dispute their truthfulness and accuracy, (2) deny the request if it has a reasonable
3    basis to dispute it, or (3) provide an adequately detailed explanation as to why it cannot respond. *See*
4    FED. R. CIV. P. 36(a)(4).

    E.    Request for Admission #32, #33, #35, and #36 as to Thompson Agency

6    These requests for admission essentially seek to know whether the Thompson Agency
7    provided any information about insurance products to American Family policyholders that would
8    be competitive with American Family products. The Agency has responded that it cannot either
9    admit or deny this request, but it has provided no explanation for its answer.

10   Federal Rule of Civil Procedure 36(a)(4) requires that "the answering party may assert lack
11   of knowledge or information as a reason for failing to admit or deny only if the party states that it
12   has made reasonable inquiry and that the information it knows or can readily obtain is insufficient
13   to enable it to admit or deny." There is no evidence provided that the Agency has attempted to
14   comply with Rule 36.

15   Accordingly, the Agency shall supplement these requests to (1) admit the requests if they
16   have no reason to dispute their truthfulness and accuracy, (2) deny the request if they have a
17   reasonable basis to dispute it, or (3) provide an adequately detailed explanation as to why they cannot
18   respond. *See* FED. R. CIV. P. 36(a)(4).

    F.    Requests for Admission #38 and #39 as to Thompson

20   American Family argues that Thompson should be deemed to have admitted these two
21   requests for admission, as she has failed to respond to either. The court agrees. Pursuant to Federal
22   Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served,
23   the party to whom the request is directed serves on the requesting party a written answer. . . ."
24   Accordingly, requests for admission 38 and 39 are hereby deemed admitted.

25   Accordingly,
26   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that American Family's motion
27   for reconsideration (doc. #154) of the magistrate judge's orders (docs. #151, 152, 153) on American

**James C. Mahan**
**U.S. District Judge**

Family's three motions to compel (docs. #93, 94, 95) is GRANTED;

IT IS FURTHER ORDERED that the magistrate judge's orders (docs. #151, 152, 153) are hereby VACATED;

IT IS FURTHER ORDERED that American Family's three motions to compel (docs. #93, 94, 95) are hereby GRANTED in part and DENIED in part, pursuant to the analysis set forth in the body of this order.

DATED this 31st day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE