UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HENRI THOMPSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, et al.,<br><br>Defendants. | 2:09-CV-905 JCM (RJJ) |

**ORDER**

Presently before the court is American Family Life Insurance Company's, American Family Mutual Insurance Company's, and American Standard Insurance Company of Wisconsin's motion for clarification of order granting motion for reconsideration. (Doc. #173). Herni S. Thompson Agency, Inc., James Miller, and Herni Thompson have responded (doc. #180), and the movants have replied (doc. #186).

Also before the court is American Family Life Insurance Company's, American Family Mutual Insurance Company's, and American Standard Insurance Company of Wisconsin's motion for attorneys' fees and costs. (Doc. #179). Herni S. Thompson Agency, Inc., James Miller and Herni Thompson have responded (doc. #192), and the movants have replied (doc. #196).

Finally before the court is Herni S. Thompson Agency, Inc.'s, James Miller's, and Herni Thompson's motion for district judge to reconsider the order dismissing fraud claim. (Doc. #194). American Family Life Insurance Company, American Family Mutual Insurance Company, American Standard Insurance Company of Wisconsin have responded (doc. #201). To date, no reply has been

**James C. Mahan**
**U.S. District Judge**

filed.

**I.     Motion for Clarification (doc. #173)**

(A)     <u>James Miller Obligations</u>

On January 31, 2011, this court ordered plaintiffs Herni Thompson and Herni Thompson Agency to supplement responses to interrogatories submitted by the defendants. (Doc. #172). Defendants now seek further response from James Miller in relation to interrogatories ten and thirteen. Whereas plaintiffs have agreed to provide the requested supplementation in the response brief (doc. #180), the motion is granted as to this issue.

(B)     <u>Requests for Production Nos. 6, 8, and 11</u>

In the same January 31, 2011, order (doc. #172), the court declared that plaintiffs Thompson and Thompson Agency were required to "either (1) provide the name of the Allstate entity employing them to allow American Family to subpoena that entity; (2) avail themselves of the protective order governing the confidentiality of proprietary information which has already been issued by this court; or (3) produce documentation from Allstate supporting their position." (Doc. #172 at 5:22–25).

Following that order, plaintiffs notified defendants that Allstate does not have control over the requested information, as Thompson has been terminated from Allstate for falsification of insurance documents. Accordingly, defendants now request that the court clarify Thompson and Thompson Agency's obligations to require production of "any documents responsive to Requests Nos. 6, 8 or 11 that remain in their possession." (Doc. #173 at 3:10-11). In light of this new information, it shall be so ordered.

(C)     <u>Request for Production No. 35</u>

In the January 31, 2011, order (doc. #172), the court denied defendants' motion to compel, as plaintiff Thompson represented that he had provided the requested phone bills from 2007 onward. However, defendants now allege that plaintiff never provided the requested information. Accordingly, the motion is granted, and plaintiffs shall provide defendants with all relevant records within their possession.

**James C. Mahan
U.S. District Judge**

- 2 -

1  **II.     Motion for Attorneys' Fees and Costs (doc. #179)**

2  "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" in certain circumstances. FED. R. CIV. P. 37(a)(3). "If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). There are three enumerated exceptions to this rule: (1) where the movant filed the motion before making a good faith attempt to obtain the discovery without court action; (2) where the opposing party was substantially justified in its non-response; or (3) where other circumstances make an award of expenses unjust. *Id.*

In the January 31, 2011, order, the court granted defendants' three motions to compel in part (doc. #172), and the court finds that none of the three exceptions in Rule 37 apply. First, defendants have detailed their numerous attempts at settling these discovery issues without court actions in the response brief. (*See* doc. #179 at 2:17–3:16). Second, plaintiffs have failed to provide a substantial justification for their evasiveness. Finally, the court sees no other circumstances that would make an award of expenses unjust. Accordingly, the motion is granted, and defendants shall submit an appropriate application.

**III.    Motion for Reconsideration of Order Dismissing Fraud Claim (doc. #194)**

Plaintiffs move the court to reconsider the July 22, 2009, order (doc. #50) and/or December 7, 2009, order (doc. #99) dismissing without prejudice the claim of fraud in the inducement. Plaintiffs allege that the claim is not barred by the economic loss doctrine, and the court's order dismissing it as such was contrary to Nevada law.

The court has revisited the disputed orders and finds that the claim was dismissed for failure to comply with Federal Rule of Civil Procedure 9(b), which requires that such a claim be pled with particularity. (Doc. #50 at 2:10–12); (doc. #99 at 2:11). Accordingly, plaintiffs' arguments regarding the economic loss doctrine are inapposite, and the motion is denied.

. . .

**James C. Mahan**
**U.S. District Judge**

1     Accordingly,

2     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion for clarification of order granting motion for reconsideration (doc. #173) is GRANTED;

4     IT IS FURTHER ORDERED that defendants' motion for attorneys' fees and costs (doc. #179) is hereby GRANTED and defendants shall submit an appropriate application;

6     IT IS FURTHER ORDERED that plaintiffs' motion to reconsider the order dismissing the fraud claim (doc. #194) is hereby DENIED.

8     DATED this 16th day of May, 2011.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -