UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HENRI THOMPSON, et al.,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, et al.,

    Defendants.

2:09-CV-905 JCM (RJJ)

**ORDER**

Presently before the court is American Family Life Insurance Company, American Family Mutual Insurance Company, and American Standard Insurance Company of Wisconsin's motion for summary judgment on plaintiff James Miller's claims. (Doc. #203, errata doc. #207). Miller has responded (doc. #215), and movants have replied (doc. #217).

Also before the court is American Family Life Insurance Company, American Family Mutual Insurance Company, and American Standard Insurance Company of Wisconsin's motion to dismiss counterclaims against Miller. (Doc. #204, errata doc. #208). Miller has responded (doc. #215). Movants did not reply.

Also before the court is American Family Life Insurance Company, American Family Mutual Insurance Company, and American Standard Insurance Company of Wisconsin's motion for sanctions against Miller for litigation misconduct. (Doc. #205, errata doc. #209). Miller has responded (doc. #215). Movants did not reply.

Also before the court is American Family Life Insurance Company, American Family Mutual

**James C. Mahan**
**U.S. District Judge**

Insurance Company, and American Standard Insurance Company of Wisconsin's motion for summary judgment on Thompson's claims. (Doc. #210). Thompson has responded (doc. #216), and movants have replied (doc. #218).

Finally before the court is American Family Life Insurance Company, American Family Mutual Insurance Company, and American Standard Insurance Company of Wisconsin's motion for summary judgment on counterclaim liability. (Doc. #211). Defendants Herni S. Thompson Agency, Inc., and Herni Thompson have responded (doc. #216), and movants have replied (doc. #219).

The court held a hearing on five motions on July 20, 2011. Upon consideration of the parties' briefs, the record in the case, and the oral arguments of counsel, the court: (1) denies American Family's motion for summary judgment on Miller's claims, and instead dismisses those claims; (2) grants American family's motion to dismiss its claims against Miller without prejudice; (3) grants American Family's motion for sanctions against Miller; (4) grants American Family's motion for summary judgment on Thompson's claims; and (5) grants American Family's motion for summary judgment on the counterclaim liability.

DISCUSSION

I.     **Factual Background**

Plaintiffs Miller and Thompson served as insurance agents for defendant American Family pursuant to agent agreements. In 2007, Thompson began operating her own insurance agency, Herni S. Thompson Insurance Agency, and entered into an American Family entity agent agreement. The agreement had a termination provision, allowing either party to terminate with or without notice, depending on the circumstances. The contracts also included post-termination obligations for the agents, including a confidentiality provision regarding customer information and a one-year agreement not to induce American Family customers to terminate their American Family insurance.

On December 10, 2009, American Family terminated the agency contracts of Miller and Herni S. Thompson Agency, Inc., for withholding customer cancellations, which resulted in improperly generated bonuses for the agents. On April 6, 2010, Thompson, in her individual

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  capacity, and Miller sued American Family in Nevada state court for claims allegedly arising
2  from the termination of their agent agreements. American Family removed the case to this court
3  and asserted counterclaims in May of 2009.

## II.     American Family's Motions Regarding Miller

American Family filed motions on James Miller's claims based on judicial estoppel arising from Miller's recently revealed bankruptcy filing. In late March 2011, Miller disclosed for the first time in almost two years of litigation that he had filed bankruptcy and obtained a discharge years earlier. Thereafter, American Family located and obtained Miller's bankruptcy petition and confirmed that Miller and his wife filed a chapter 7 bankruptcy in the Eastern District of Texas on April 6, 2009. On the same day, Miller also filed his complaint in this case, alleging that American Family failed to compensate him during his agency contract, withheld commissions, and wrongfully terminated his agency agreement. All of Miller's claims arose before the date he filed his bankruptcy petition. American Family filed counterclaims against Miller on May 20, 2009. Miller answered American Family's counterclaims on June 15, 2009 without disclosing the bankruptcy filing.

The Bankruptcy Code required Miller to disclose all of his assets, including claims in this suit, in his bankruptcy schedules. 11 U.S.C. § 521(a)(I); FED. R. BANKR. P. 1007(b)(1)(A). His April 16, 2009, "Schedules and Statement of Financial Affairs" say nothing about his claims against American Family or American Family's status as a creditor due to its claims against him. On May 11, 2009, Miller filed a revised schedule, which still omitted any reference to his claims against American Family and failed to list American Family as a creditor. Miller's case was ultimately deemed a "no asset" case, and he received a discharge on July 17, 2009.

(A)     <u>Motion for Summary Judgment on Miller's Claims</u> (doc. #203)

Miller's claims against American Family arose pre-petition and are therefore property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). Once a petition is filed, "all the 'legal or equitable interests' [a debtor has] in his property [become] the property of the bankruptcy estate and are represented by the bankruptcy trustee. Causes of action are among such legal or equitable

1  interests." *Turner v. Cook*, 362 F.3d 1219, 1225–26 (9th Cir. 2004) (citations omitted).

2      Because his pre-petition claims against American Family are property of the bankruptcy
3  estate, Miller had no standing to litigate them against American Family. Only the bankruptcy
4  trustee has the right to pursue such claims. Moreover, Miller is judicially estopped from asserting
5  these claims based on his failure to disclose them in the bankruptcy case. *See Hamilton v. State*
6  *Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).  However, given that the trustee is not
7  a party to the lawsuit, the court declines to rule on whether the doctrine of judicial estoppel also
8  bars the claims if later brought by the trustee. In the event the trustee decides to pursue the
9  claims, only then will the issue be ripe for adjudication. Thus, the motion for summary judgment
10 on Miller's claims is denied, and the court instead dismisses those claims without prejudice as to
11 the bankruptcy trustee. Miller is precluded from re-asserting the claims in subsequent litigation
12 based on the doctrine of judicial estoppel.

13     (B)    <u>Motion to Dismiss Claims against Miller</u> (doc. #204)

14     Not only did Miller fail to disclose his claims against American Family as assets, but he
15 also failed to list American Family as a creditor, even after he was served with counterclaims in
16 this lawsuit. The Bankruptcy Code requires the debtor to list all creditors in his bankruptcy
17 schedule. 11 U.S.C. § 521(a)(1). This includes any "entity" that has a claim against the debtor. 11
18 U.S.C. § 101(10) (defining "creditor"). The debtor has an affirmative duty to prepare schedules
19 carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001).

20     The Bankruptcy Code imposes a statutory injunction against efforts by creditors to collect
21 on discharged debts. 11 U.S.C. § 524(a)(3). A discharge "voids any judgment at any time
22 obtained" based on a discharged debt, "whether or not discharge of such debt is waived." 11
23 15 U.S.C. § 524(a)(1) (emphasis added). The Ninth Circuit Bankruptcy Appellate Panel has held
24 that a judgment obtained post-bankruptcy on a debt discharged in bankruptcy is "void." *In re*
25 *Gurrola*, 328 B.R. 158, 171 (9th Cir. BAP 2005). This is true in a "no asset" chapter 7
26 bankruptcy regardless of whether the debt was disclosed. *White v. Nielson*, 383 F.3d 922, 925–27
27 (9th Cir. 2004) (finding chapter 7 discharge is not waivable); *see also In re Gurrola*, 328 B.R. at

28

James C. Mahan
U.S. District Judge

- 4 -

1   175 ("The 524(a) discharge and the discharge injunction are effective against the world to the full

2   extend of their statutory terms, regardless of notice."); *In re Kimmel*, 378 B.R. 630, 638 (9th Cir.

3   BAP 2007) ("[T]he chapter 7 discharge is absolute and, in light of the anti-waiver provisions of §

4   524(a), does not admit of an equitable exception that would permit it to be waived by post-

5   discharge conduct.").

6       American Family's claims against Miller are based on his pre-petition conduct and were

7   filed on May 20, 2009, while Miller's bankruptcy case remained open. Miller failed to amend his

8   schedules to list American Family as a creditor. American Family has therefore sought to dismiss

9   its claims without prejudice, recognizing that, in light of discharge, American Family cannot

10  continue to pursue its claims without violating the statutory injunction. Accordingly, the court

11  dismisses the counterclaims without prejudice.

12  **III.     American Family's Motion for Sanctions against Miller for Litigation Misconduct**

13        **(doc. #205)**

14      Courts have inherent power to impose sanctions for bad faith conduct by litigants.

15  *Chambers v. Nasco, Inc.*, 501 U.S. 32, 35 (1991) (affirming district court's order imposing

16  sanctions for bad faith conduct). Further, while a debtor's conduct cannot result in a waiver of

17  the discharge injunction, sanctions may be awarded against a debtor based on his post-petition

18  conduct. *In re Gurrola*, 328 B.R. at 172. "[A] discharged debtor might misbehave postpetition in

19  a manner that so unconscionably disadvantages a creditor holding a discharged debt, or interferes

20  in litigation in a court, as to cry out for a remedy. A number of potential remedies (especially

21  sanctions) based on, and tailored to, the post-petition misconduct suggest themselves." *Id.*

22      Miller has misbehaved post-petition in such a manner. Sanctions against him are

23  therefore appropriate. Miller had a duty to disclose his bankruptcy, and his failure to do so

24  needlessly increased expenses and wasted resources. *See Chambers*, 501 U.S. at 43 (recognizing

25  that courts are vested with the inherent authority "to manage their own affairs so as to achieve the

26  orderly and expeditious disposition of cases"). Over the course of nearly two years, American

27  Family has both litigated its counterclaims against Miller, which were subject to the statutory

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  injunction, and defended against Miller's claims, which he had no standing to pursue.

2  Given these circumstances, Miller shall pay the reasonable costs and fees incurred by
3  American Family in defending his claims and in prosecuting its counterclaims. American Family
4  shall submit the appropriate motion for attorneys' fees pursuant to Local Rule 54-16 within
5  fourteen days of this order.

6  **IV.    American Family's Motion for Summary Judgment on Thompson's Claims against**
7  **American Family (doc. #210)**

8  Following this court's order on American Family's motion to dismiss, only three of
9  Thompson's claims remain: (1) breach of written contract; (2) breach of an alleged oral
10 modification to the written contract; and (3) breach of the covenant of good faith and fair dealing.
11 I think that American Family prevails as a matter of law on each of these claims.

12    (A)    Breach of Written Contract

13 Thompson has failed to prove damages as to the breach of written contract claim. The
14 only evidence on damages submitted comes from a report prepared by expert Terrence Clauretie.
15 Damages are calculated on the assumption that Thompson should have been paid at a higher
16 commission rate than that cited in the agency agreement. However, this computation subtracts
17 the amount Thompson actually received from the amount she allegedly should have received.
18 The lower amount is in fact the amount she was entitled to receive under the written terms of the
19 agreement. As damages are an essential element of a breach of contract claim, this claim fails as
20 a matter of law. *See Steele v. Pacesetter Motor Cars*, 672 N.W. 2d 141, 144 (Wis. Ct. App. 2003)
21 (damages as the result of a material breach is the third element of a breach of contract claim).

22 The court declines to grant the parties additional time for discovery for plaintiff to
23 properly allege damages. Thompson is precluded from supplementing her damages calculation
24 now that discovery has closed. In *Hoffman v. Construction Protective Services, Inc.*, the Ninth
25 Circuit affirmed the district court's decision exclude the plaintiffs' undisclosed damages. 541
26 F.3d 1175 (9th Cir. 2008). The court reasoned that Federal Rule of Civil Procedure 26 required
27 plaintiffs to timely disclose damages calculations: "Rule 37(c)(1) gives teeth to these

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  requirements by forbidding the use at trial of any information required to be disclosed by Rule
2  26(a) that is not properly disclosed." *Id.* at 1179. The Ninth Circuit found exclusion of the
3  plaintiff's damages calculation appropriate "even when a litigant's entire cause of action will be
4  precluded." *Id.* (internal citation omitted).

5         Accordingly, because Thompson cannot establish damages as to her breach of the written
6  agent agreements claim, American Family is entitled to summary judgment.

7         (B)    <u>Breach of Alleged Oral Modification</u>

8         Thompson has failed to prove a valid oral modification as a matter of law. *See Peritt Ltx.*
9  *P'Ship v. Kenosha Unified Sch. Dist. No. 1*, 153 F.3d 489, 493 (7th Cir. 1998) (construing
10 Wisconsin Law as requiring the plaintiff to prove the existence of the oral modification).[1] As per
11 the authenticated deposition testimony of Thompson, she only claims that American Family
12 executives made ambiguous statements, such as: "things will get better" and "just hang in there."
13 There must be mutual assent of the parties, based on objective manifestations of intent, for a
14 court to honor an alleged oral modification to a contract. *Assoc. Milk v. Meadow Gold*, 27 F.3d
15 268, 272 (7th Cir. 1994). There must also be essential terms to ensure mutual assent, one of
16 which is a price term. *Ehlinger v. Hauser*, 785 N.W. 2d328, 335 (Wis. 2010). The oral
17 modification fails because plaintiff has presented no evidence demonstrating mutual assent or an
18 agreement over the compensation (price) term, and American Family is entitled to summary
19 judgment on this calim.

20        (C)    <u>Breach of the Covenant of Good Faith and Fair Dealing</u>

21        A claim for breach of the covenant of good faith and fair dealing is a contractual claim,
22 which requires Thompson to prove damages. *Girl Scouts of Manitou Council Inc. v. Girl Scouts*
23 *of U.S.A. Inc.*, 700 F. Supp. 2d 1055, 1099 (E.D. Wis. 2010) ("[A] party seeking to recover [for
24 breach of the covenant] must show something that can support a conclusion that the party
25 accused of bad faith has actually denied the benefit of the bargain originally intended by the
26 parties."). Thompson is unable to meet this burden for the same reasons given above in relation

---

[1] The court applies Wisconsin law as per the parties' choice of law provision in the contract.

**James C. Mahan**
**U.S. District Judge**

- 7 -

to the claim for breach of contract.

## V. American Family's Motion for Summary Judgment on American Family's Counterclaims against Thompson (doc. #211)

American Family claims Thompson violated the restrictive covenants in the agency agreement not to take policyholder information and not to solicit American Family policyholders for one year. Such covenants are enforceable under Wisconsin law. *Chuck Wagon Catering, Inc. v. Raduege*, 277 N.W.2d 787 (Wis. 1979). The court finds nothing unfair about the restrictive covenants contained within the agent agreement at issue in this claim.

Based on the phone records and customer declarations submitted in support of American Family's motion, the court finds that no reasonable juror could believe Thompson did not contact policyholders and retain her policyholder-lists post-termination. The court further concludes that her actions clearly contravened the plain terms of the agent agreement with American Family. Thus, the court finds that American Family is entitled to judgment as a matter of law on this claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that American Family's motion for summary judgment on Miller's claims (doc. #203), be and the same hereby is, DENIED;

IT IS FURTHER ORDERED that Miller's claims against American Family be, and the same hereby are, DISMISSED without prejudice as to the bankruptcy trustee;

IT IS FURTHER ORDERED that American Family's motion to dismiss its claims against Miller without prejudice (doc. #204) be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that American Family's motion for sanctions against Miller for litigation misconduct (doc. #205) be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that American Family's motion for summary judgment on Thompson's claims (doc. #210) be, and the same hereby is, GRANTED;

James C. Mahan
U.S. District Judge

- 8 -

1  IT IS FURTHER ORDERED that American Family's motion for summary judgment on the counterclaims against Thompson be, and the same hereby is, GRANTED.

DATED this 12th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**