UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HERNI THOMPSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, et al.,<br><br>Defendants. | 2:09-CV-905 JCM (RJJ) |

**ORDER**

Presently before the court is defendant and counter-claimant American Family Mutual Insurance Company's application for reasonable expenses, including attorneys' fees. (Doc. #222). Plaintiff and counter-defendants Herni Thompson and Herni Thompson Agency, Inc. (collectively "Thompson") have responded[1] (doc. #225) and American Family has replied (doc. #228).

**Background**

On May 16, 2011, this court issued an order granting American Family's motion for attorneys' fees and costs pursuant to Rule 37(a)(5)(A). (Doc. #213). The court found that: (1) American Family made numerous attempts at settling the discovery issues; (2) Thompson failed to provide substantial justification for its evasiveness; and, (3) no other circumstances existed to

---

[1] Plaintiff James Miller has petitioned for bankruptcy and contends that any award of attorneys' fees as to him is subject to the automatic stay set forth in 11 U.S.C. § 362. Thus, the opposition was filed solely on behalf of Herni Thompson and Herni Thompson Agency, Inc. However, the opposition requests that if this court finds the bankruptcy stay does not apply to an award of attorneys' fees, that the opposition be submitted on Mr. Miller's behalf also.

**James C. Mahan**
**U.S. District Judge**

1  render an award of expenses unjust. *See id.* at 3:12-16. Pursuant to this court's May 16, 2011
2  order, American Family is entitled to its "'reasonable expenses incurred in making the motion,
3  including attorney's fees." *See id.* (quoting Fed. R. Civ. P. 37(a)(5)(A)).
4  American Family's application requests $37,112.29 as compensation for the 143.3 hours
5  of attorney time expended briefing the court and attempting to confer with Thompson regarding
6  the issues raised by the inadequate discovery responses. Additionally, American Family requests
7  $408.80 in costs it incurred to obtain a hearing transcript and $485 in costs associated with
8  serving subpoenas on various Allstate entities.

### Discussion

*1. Attorneys' Fees*

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB.P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. At 433. District courts have the authority "to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure" to adjust fee awards. *See Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). Here, American Family requests attorneys' fees for 143.3 hours at a rate of between $233.75 and $352.75 an hour - depending on the seniority of the attorney - for a total of $37,112.29.

In determining the reasonableness of an hourly rate, courts consider the experience, skill, and reputation of the attorney requesting fees. *See, e.g.*, *Webb v. Ada County*, 285 F.3d 829, 840, n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community. *Id., see also, Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). Based on this court's knowledge and experience, it finds that the requested hourly rates are reasonable.

Further, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. At 433. Ultimately, the court has discretion to reduce the

James C. Mahan
U.S. District Judge

- 2 -

number of hours claimed or the final lodestar figure. *See Gates*, 987 F.2d at 1399.  After reviewing American Family's billing statements, this court finds that the calculation of 143.3 hours of attorney labor is unreasonable in relation to the discovery dispute that underlies this award.

Examples of unreasonable time sought include, but are not limited to, attorney Christian Zinn billing 36.7 hours for drafting and reviewing the motions to compel, Mr. Zinn billing 16.8 hours to prepare for the hearing on the motions to compel, Suzanne Martin's billing 12 hours to draft three interrelated reply briefs, and senior attorneys Thomas Ryan and Darren Brenner billing 28.6 hours to prepare supplemental briefing and reply to Thompson's responses to the same.  The court finds that the 36.7 hours expended by Mr. Zinn to draft interrelated motions is unreasonable.  Moreover, Mr. Zinn should not have needed nearly 17 additional hours to prepare for the hearing, given that he had already billed 6.7 hours to review the discovery responses and another 36.7 hours to draft the opening briefs.  Ms. Martin's replies were also similar and should not have taken 12 full hours to prepare.  Moreover, the inordinate amount of time Messrs. Ryan and Brenner billed to draft supplemental briefs was unreasonable because they should have been sufficiently familiar with the issues involved by that stage in the discovery dispute to more efficiently draft the supplemental briefs.

Based on the similarity of the three motions to compel and the excessive billing evident in this case, the court is reducing the amount of attorney's fees sought to $7,500.

*2. Costs*

American Family contends that awarding it $408.80 for the costs of the hearing transcript is justified because Thompson refused to supplement its discovery responses until it reviewed the hearing transcript.  Additionally, American Family requests $485 for serving Allstate because Thompson refused to produce properly requested documents or provide American Family with the name and address of the single Allstate entity that maintained all of the requested documents, forcing American Family to issue subpoenas to various Allstate entities to obtain the necessary documents.  This court finds that American Family's requested costs are taxable to Thompson

**James C. Mahan**
**U.S. District Judge**

- 3 -

pursuant to Rule 37 and the May 16, 2011 order.  American Family is entitled to the $408.80 in costs it incurred to obtain the hearing transcript and the $485 it incurred in serving the Allstate entities.

*3. Miller's Bankruptcy*

Plaintiff James Miller filed for bankruptcy the same day he filed the instant litigation against American Family.  The discovery misconduct underlying the court's award of attorneys' fees and costs, therefore, occurred after the bankruptcy petition was filed.  Accordingly, the award of attorneys' fees and costs is not subject to the bankruptcy court's automatic stay. *See* 11 U.S.C. § 362(a)(1) (prohibiting the commencement or continuation of judicial proceedings against a debtor to "recover a claim against the debtor that arose *before* the commencement of the [bankruptcy case]") (emphasis added); *Groner v. Miller*, 262 B.R. 499, 507 (B.A.P. 9th Cir. 2001) ("Appellants could pursue and obtain a monetary judgment (i.e., sanctions award) based on Debtor's post-petition conduct without seeking relief from the automatic stay.").  American Family must still seek relief from the bankruptcy stay if it seeks to satisfy this judgment against the property of the estate.  As explained in *Groner*, even where the act of obtaining the judgment does not violate the bankruptcy stay - because it is based on post-petition conduct - the prevailing party must still obtain relief from the stay if it seeks to satisfy the judgment against property of the bankruptcy estate. *See Groner*, 262 B.R. at 507 (citing *Bellini Imports, Ltd. v. Mason and Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir. 1991)).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that American Family's application for costs, including attorneys' fees (doc. #222) be, and the same hereby is, GRANTED, consistent with the foregoing.

DATED this 18th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -