1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7
8
9
10
11
12
13

HERNI THOMPSON, et al.,

        Plaintiffs,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, et al.,

        Defendants.

2:09-CV-905 JCM (RJJ)

14

**ORDER**

15      Presently before the court is plaintiff and counter-defendant James Miller's motion for

16  reconsideration of sanctions for litigation misconduct.  (Doc. #244).  Defendant American Family

17  Mutual Insurance Company has filed its opposition.  (Doc. #248).  Plaintiff has replied (doc. #251).

18  Also before the court is American Family's motion to for inclusion of its response to the

19  reconsideration motion in its fee application.  (Doc. #249).  Miller has not responded to this motion.

20      Motions for reconsideration "should not be granted, absent highly unusual circumstances."

21  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).   "Reconsideration is

22  appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear

23  error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

24  controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona*, 229

25  F.3d at 890; *see also* FED. R. CIV. P. 59(e); FED. R. CIV. P. 60(b).  A motion for reconsideration "may

26  not be used to raise arguments or present evidence for the first time when they would reasonably

27  have been raised earlier in the litigation."  *Kona*, 229 F.3d at 890.

28

**James C. Mahan**
**U.S. District Judge**

1     Here, Miller argues that this court should reconsider its grant of sanctions because the

2  sanctions award is "based upon a manifest error of fact" and enforcement of it would create the

3  "manifest injustice of requiring Mr. Miller to pay thousands of dollars." Pl.'s Reply at 3. Miller

4  contends that American Family made affirmative misrepresentations to this court causing the court

5  to base its award of sanctions on the factually incorrect premise that Miller did not disclose his

6  bankruptcy to American Family until two years into the litigation. Miller asserts that Schedule F

7  from Miller's bankruptcy filing was sent to American Family at its headquarters, therefore apprising

8  it of Miller's bankruptcy.

9     However, the bankruptcy schedules Miller relies on to support his contention that he

10  provided timely notice to American Family were available at the time this court passed judgment on

11  the sanctions motion. In fact, American Family attached the schedules to its motion for summary

12  judgment. Therefore, Miller had ready access to them when opposing the motion for sanctions.

13  Moreover, it is undisputed that the bankruptcy schedules list a debt that was owed to American

14  Family Financial Services with regards to the purchase of a trailer. American Family Financial

15  Services is not a party to this lawsuit.

16     Miller has failed to cite any case law supporting the proposition that notice of a bankruptcy

17  filing to an affiliate of an adversary that happens to be a creditor serves as notice to the adversary

18  itself. Because the bankruptcy schedules were available to Miller prior to this court's ruling on the

19  sanctions motion, they do not constitute new evidence serving as grounds to reconsider. *Kona*, 229

20  F.3d at 890.

21     Accordingly,

22     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff and counter-

23  defendant James Miller's motion for reconsideration of sanctions for litigation misconduct (doc.

24  #244) be, and the same hereby is, DENIED.

25  . . .

26  . . .

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that American Family's motion for inclusion of its response in its fee application (doc. #249), be, and the same hereby is, DENIED.  The straightforward nature of the present motion and its response is insufficient to disturb this court's previous determination of what sum of fees are reasonable in this matter.

DATED this 5$^{h}$ day of October, 2011.


_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 3 -