# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HERNI THOMPSON, et al.,

Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, et al.,

Defendants.

2:09-CV-905 JCM (RJJ)

## ORDER

Presently before the court is defendant and counter-claimant American Family's application for fees and non-taxable costs against James Miller for litigation misconduct. (Doc. #234). Plaintiff and counter-defendant James Milled has responded (doc. #243) and American Family has replied (doc. #246).

## Background

On August 12, 2011, this court issued an order granting American Family's motion for sanctions against Miller for litigation misconduct and requiring American Family to submit an application for fees in compliance with Local Rule 54-16. (Doc. #238). The court found that: (1) Miller had a duty to disclose his bankruptcy proceeding to American Family; (2) Miller failed to disclose his bankruptcy proceeding to American Family; and, (3) the breach caused American Family to litigate counterclaims against Miller that were subject to the statutory injunction. *See id.* at 5:22-27. Pursuant to this court's August 12, 2011, order, American Family is entitled to reasonable costs and fees incurred in defending against Miller's claims and prosecuting its counterclaims. *See id.* at

**James C. Mahan**
**U.S. District Judge**

1  6:2-3.

2  American Family's application requests $257,000 in fees and $10,280.50 in non-taxable costs
3  incurred by American Family based on Miller's litigation misconduct. These sums represent one-
4  third of the total fees and costs American Family alleges that it has incurred.

5  **Discussion**

6  Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v.*
7  *Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB.P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir.
8  2000). The court must first determine a reasonable fee by multiplying "the number of hours
9  reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433.
10 District courts have the authority "to make across-the-board percentage cuts either in the number of
11 hours claimed or in the final lodestar figure" to adjust fee awards. *See Gates v. Deukmejian*, 987
12 F.2d 1392, 1399 (9th Cir. 1992).

13 In determining the reasonableness of an hourly rate, courts consider the experience, skill, and
14 reputation of the attorney requesting fees. *See, e.g.*, *Webb v. Ada County*, 285 F.3d 829, 840, n.6 (9th
15 Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing
16 in the forum community. *Id., see also, Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). Based
17 on this court's knowledge and experience, it finds that the requested hourly rates are reasonable.

18 Further, "[t]he party seeking an award of fees should submit evidence supporting the hours
19 worked." *Hensley*, 461 U.S. at 433. Ultimately, the court has discretion to reduce the number of
20 hours claimed or the final lodestar figure. *See Gates*, 987 F.2d at 1399. After reviewing American
21 Family's billing statements, this court finds that an award of $257,000 for attorneys' fees is
22 unreasonable.

23 American Family has provided this court with over 200 pages of attorney invoices indicating
24 the amount of time billed by its attorneys. The court cannot review such lengthy invoices on a line
25 item basis. Accordingly, this court will exercise its discretion to reduce the final lodestar figure. *See*
26 *Gates*, 987 F.2d at 1399. However, prior to doing so, the court will give a few illustrative examples
27 of why it finds American Family's billing practices unreasonable.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1          First, this court has already granted American Family its attorneys' fees and costs as a sanction for defendants' discovery abuses. *See* Doc. #240. However, American Family has included this figure in its calculation of attorneys' fees and costs. For the court to award attorneys' fees based, in part, on the fees and costs incurred in the discovery dispute would amount to a double recovery. Accordingly, the $37,112.29 sought as compensation for the 143.3 hours of attorney time expended with regards to the discovery dispute cannot properly be awarded against Miller, as he has already been ordered to pay fees and costs in connection with American Family's efforts to obtain that discovery. For the same reason, American Family cannot seek to recover (again) the $485 in costs associated with the discovery dispute.

          Moreover, American Family's application for fees seeks to recover substantial sums for attorney work that was clearly conducted against Plaintiff Thompson, but not against Miller. As such, it is improper to order Miller to pay a portion of these costs. For example, the majority of billings for the month of April and May of 2009 consisted of American Family's effort to obtain a temporary restraining order and preliminary injunction against Thompson. These efforts were unrelated to Miller and he should not bear these expenses.

          Also, similar to the billings submitted in connection with the discovery dispute, the time spent on various tasks and projects by American Family's attorneys was excessive and inflated. For example, over 30 hours were billed to reply to a five page opposition brief that cited only seven cases. At least 40 hours were billed in connection with a motion for contempt sanctions (costs sought to be recovered even though the motion was never filed). The amount of time billed in connection with filing pleadings also appears excessive. Over 58 hours was billed to prepare American Family's complaint against plaintiffs. This complaint was never filed. Instead, an American Family filed a counterclaim against plaintiffs. However, over 14 hours were billed to file a motion to amend this counter claim to add a party. Then an additional 12.5 hours were billed to file an answer to plaintiffs' complaint and amend the counterclaim. Then, an additional 12.5 hours were billed to file an answer and amended counterclaim.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  American Family's billings are replete with similar instances of overbilling and duplicative work. As a result, this court is reducing the fees American Family seeks to recover from Mr. Miller to $125,000. American Family shall also recover the $10,280.50 in costs it seeks from Mr. Miller. The court does not pass judgment as to whether Mr. Miller is responsible for one-third of the total fees or costs or a different proportional amount.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that American Family's application for costs, including attorneys' fees (doc. #234) be, and the same hereby is, GRANTED, consistent with the foregoing.

DATED this 5$^h$ day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -