UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HENRI THOMPSON, etc., *et al.*, | ) |
| Plaintiff, | ) |
| vs. | ) 2:09-cv-905-JCM-RJJ |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, etc., *et al.*, | ) |
| Defendants. | ) |

This matter came before the Court for a hearing on Defendants' Motion for Reconsideration (#250). The court granted the Motion (#250) at the hearing on July 3, 2012. See, Minutes of Proceeding (#288). The Court then heard the reopened Defendants' Motion for Contempt and Sanctions (#174) and Plaintiffs' Counter Motion for Sanctions (#178). The Court has reviewed the applicable briefs and considered the extensive history regarding discovery disputes in this case.

**Defendants' Motion for Contempt and Sanctions (#174)**

The Defendants seek sanctions against the Plaintiffs, Henri S. Thompson and Henri Thompson Agency for their failure to provide timely supplements to previous discovery requests. The Court granted portions of three Motions to Compel and ordered the supplements in its order (#172). The Court did not set a date for the supplements, but the parties through their counsel, promptly negotiated a schedule based on pending depositions. See, Declaration of Darren Brenner, Esq. attached to Defendants' Reply (#183) as Exhibit 1. Surprisingly, Plaintiffs did not

supplement some of the discovery requests as ordered by the Court.  See, Theodore Parker, III, Esq. Letter dated February 8, 2011, attached to Defendants' Motion (174) as Exhibit A.  After the Motion for Contempt and Sanctions (#174) was filed, the Plaintiffs did provide additional supplements to the discovery requests.

Identified defects in Plaintiffs' failure to comply with the Court Order (#172) include:

1. Supplements to interrogatories were not verified;
2. Thompson and Thompson Agency failed to provide a supplemental response to Interrogatory No. 1;
3. Thompson and Thompson agency did not identify the documents or otherwise supplement the other interrogatories as ordered;
4. Thompson and Thompson Agency failed to supplement any Request for Production [until after the Motion (#174) was filed]; and,
5. Thompson and Thompson Agency made no effort to explain why they could not provide a response to numerous Requests for Admission.

Plaintiffs' failure to comply with the court order appears willful.  In addition to rearguing the issues in the motions to compel, Plaintiffs' counsel argues that a very busy schedule made compliance with the order impossible.  However, in the face of this crushing case load, no extension was requested.  The failure to seek an extension of discovery deadlines in the face of a busy litigation schedule is not a defense to discovery sanctions for failure to comply with a court order pursuant to Fed. R. Civ. P. 37(a).

Federal Rule of Civil Procedure 37(b)(2)(A) & © authorize sanctions for a party's failure to obey a discovery order.  The Defendants seek limited terminating sanctions against the Plaintiffs/Counter Defendants.  Plaintiffs propose, and the Court applies, the Ninth Circuit Court of Appeals decision in *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217 (9th Cir. 2006) regarding the imposition of severe sanctions.  The severe sanction in the Allen case, was dismissal.  The Circuit Court reiterated the considerations for imposition of a severe sanction:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

1   public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
2   sanctions.  Allen, 460 F.3d at 1226.
3         In this case, there can be no doubt that Plaintiffs' conduct, or lack of action, in the
4   discovery process has substantially delayed the disposition of the case.  Further, Plaintiffs have
5   repeatedly and wilfully refused to complete discovery, even when under a court order to perform,
6   thus denying the court the power to manage its docket and advance this case to trial.  The
7   prejudice to Defendants is not illusory or insignificant in this case.  The burden of repeated
8   failures to participate in appropriate discovery has left the Defendants with years of frustration in
9   its effort to secure justice.  Disposition on the merits losses its value when so wilfully delayed.
10  Finally, lesser sanctions have been applied, as well as a liberal grant of opportunity for the
11  Plaintiffs to comply with discovery obligations.  There is no other viable option at this time.
12  Severe sanctions must be imposed as follows:
13       1.    a finding that this evidence, if produced, would have demonstrated
14           Counterdefednants' efforts to contact, quote, solicit, and induce the policyholders
15           they previously served as American Family agents to cancel their policies;
16       2.    a finding that counterdefendants retained confidential policyholder information
17           after they were terminated from American Family; and,
18       3.    a finding that Counterdefendants were successful in inducing American Family
19           policyholders to cancel their policies in order to purchase insurance from
20           Counterdefendants, including each of the 2400 plus cancelled policies as
21           identified in the list previously produced to Counterdefendants.
22       The Court does not hold the Plaintiffs or plaintiffs' counsel in contempt of court.
23  **Plaintiff's Counter Motion for Sanctions (#178)**
24       The Court having reviewed Plaintiffs' Motion (#178) finds that Plaintiffs failed to
25  provide certification that Plaintiffs had consulted with Defendant pursuant to Fed. R. Civ. P.
26  37(a)(2)(B). See, Shufflemaster, Inc. v. Progressive Games, Inc., 170 F.R.D. 166 (D.Nv. 1996)
27  (suggested certification format). Therefore, the Counter Motion for Sanctions (#178) is denied.
28  . . . .

**Request for Expenses Including Attorneys' Fees**

Defendant, American Family, also seeks its' expenses, including attorneys' fees caused by Plaintiff's failure to comply with the court orders to provide or permit discovery. Fed. R. Civ. P. 37 (b)(2)(c) provides that: "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure. . . ."

There are two exceptions to sanction: (1) the failure was substantially justified, or (2) other circumstances make an award of expenses unjust. In the face of repeated failure to provide or permit discovery, the Plaintiff has failed to identify any substantial justification for her conduct. Second, the Plaintiff does not point to any other circumstances that would make an award of expenses unjust.

Therefore, American Family's request for expenses, including attorney's fees is granted.

Based on the foregoing and good cause appearing therefore,

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Counter Motion for Sanctions (#178) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Contempt and Sanctions (#174) is GRANTED pursuant to the terms stated in this Order.

IT IS FURTHER ORDERED that on or before September 17, 2012, Defendants shall file an affidavit of fees and costs incurred in bring the Motion (#174).

IT IS FURTHER ORDERED that a response, if any, to said affidavit of fees and expenses shall be filed on or before September 24, 2012.

DATED this   10th   day of September, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge