# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HERNI THOMPSON, et al.,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, et al.,

    Defendants.

2:09-CV-905 JCM (NJK)

# ORDER

Presently before the court is plaintiff/counter-defendants'. Herni S. Thompson and Herni S. Thompson Agency, Inc., objection to a magistrate judge order. (Doc. # 295). Defendant/counter-plaintiff American Family Mutual Life Insurance Company ("American Family") filed a response in opposition. (Doc. # 299).

Also before the court is the report and recommendation of the magistrate judge. (Doc. # 290). Thompson filed an objection (doc. # 296), and American Family filed a response. (Doc. # 300).

Also before the court is American Family's motion for attorney fees. (Doc. # 291). Thompson filed a response (doc. # 294), and American Family filed a reply (doc. # 297).

Also before the court is American Family's motion for attorney fees. (Doc. # 292). Thompson filed a response (doc. # 293) and, and American Family filed a reply (doc. # 298).

**James C. Mahan**
**U.S. District Judge**

**I.     Report and Recommendation**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Because objections have been filed, the court makes a de novo determination of the entire report and recommendation.

In the report and recommendation the magistrate judge recommended all the following: (1) that American Family's motion for sanctions (doc. # 197) due to spoilation of electronically stored information be granted; (2) that Thompson's amended complaint (doc. # 100) be dismissed with prejudice; and (3) that Thompson's answer (doc. # 142) to American Family's counterclaims be stricken. (*See* doc. # 290).

As a very brief factual summary, the magistrate found that American Family fired Thompson. Thompson began working with a competing insurance company but signed a restrictive covenant with American Family. Thompson allegedly stole customers from American Family in a manner that violated the restrictive covenant and a lawsuit ensued. American Family requested via proper discovery channels two computers from Thompson. American Family wanted to access the computers to confirm if Thompson was using proprietary information to contact, solicit, and/or induce policy holders to cancel American Family insurance and sign with Thompson and a competing insurance company in direct violation of the restrictive covenant.

The magistrate judge found that Thompson was notified numerous times to preserve all potentially relevant electronically stored information, and specifically instructed Thompson to produce the computers in question on multiple occasions. Thompson repeatedly failed to produce the computers and comply with court ordered discovery. Finally, instead of producing the computers to American Family, Thompson gave the computers to her brother. Thompson's brother took the computers to Indonesia where he lived. American Family never received the chance to access the computers.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    The magistrate judge relied on *Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006), when
2  determining the appropriate sanctions for the spoliation of electronically stored evidence. The
3  magistrate judge made the following key findings: (1) Thompson disposed of her computers willfully
4  and in bad faith; (2) American Family had been severely prejudiced; and (3) a less drastic sanction
5  would be futile. (*See* doc. #290).

6    In Thompson's objections, she does not dispute a single factual finding or the magistrate
7  judge's reliance on *Leon*. Instead, Thompson argues that the recommendation is clearly erroneous
8  because: (1) she did not intentionally delete the files; (2) courts in other jurisdictions have, in
9  situations that are not completely analogous, issued less drastic sanctions; and (3) American Family
10 was not prejudiced. Thompson then attaches a copy of an order from *Apple v. Samsung*, case no. 11-
11 cv-01846, 2012 WL 3627731, —F.2d— (N.D. Cal. Aug. 21, 2012).

12   Upon a de novo review, the court adopts the report and recommendation in its entirety. The
13 court finds that the magistrate judge correctly relied upon the *Leon* case, Thompson acted willfully
14 and in bad faith, American Family was severely prejudiced, and that the cases cited by Thompson
15 for less drastic sanctions are easily distinguishable.

16 **II.    Attorney Fees From Report and Recommendation**

17   In the report and recommendation the magistrate judge granted American Family's request
18 for fees incurred in bringing about the motion for spoliation (doc. # 197). In granting fees, the
19 magistrate judge relied on the *Leon* case and the fact that Thompson acted willfully and in bad faith.
20 If Thompson had merely complied with the court order to produce the computers instead of giving
21 them to her brother to take to Indonesia, then American Family would never have had to file the
22 motion for sanctions for spoliation. It is worth noting that Thompson was notified repeatedly by the
23 court to produce the computers and that her employer at the time did not object to the production of
24 the computers.

25   American Family timely filed a motion with the appropriate affidavit of fees and costs for
26 bringing the motion for sanctions. (*See* doc. # 291). American Family seeks fees in the amount of
27 $14,047.29 for 70.7 hours of work billed. The court adopts the magistrate's granting of fees. The
28

**James C. Mahan**
**U.S. District Judge**

1  court explicitly mandated the preservation of electronically stored information.  Instead of obeying
2  court orders, Thompson gave her computers to family in Indonesia.  Thompson willfully eliminated
3  American Family's ability to discover information on the two laptops.

4         The court finds that counsel for American Family properly submitted an affidavit and
5  calculated fees according to the lodestar method.  The fees are reasonable (and all fees would have
6  been unnecessary if Thompson had merely complied with court orders).  The court grants American
7  Family's motion (doc. # 291) seeking fees.

**III.    Objections to Magistrate Judge' Order**

       In an order (doc. # 289), the magistrate judge found it necessary to issue "severe sanctions" due to Thompson's ongoing and repetitive violations of discovery obligations.  The following sanctions were imposed:

    (1)    a finding that evidence sought via discovery, if produced, would have demonstrated counter-defendant's efforts to contact, quote, solicit, and induce the policyholders they previously served as American Family agents to cancel their policies;

    (2)     a finding that counter-defendants retained confidential policyholder information after they were terminated from American Family; and

    (3)    a finding that counter-defendants were successful in inducing American Family policyholders to cancel their policies in order to purchase insurance from counter-defendants, including each of the 2400 plus cancelled policies as identified in the list previously produced by counter-defendants.

       Thompson filed an objection to the order pursuant to local rule  IB  3-1.  The parties agree that the controlling standard of review is clearly erroneous or contrary to law.

       Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also

**James C. Mahan**
**U.S. District Judge**

- 4 -

enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869, 109 S. Ct. 2237, 104 L. Ed. 2d 923 (1989).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 3:11-CV-00793-RCJ, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Thompson's objections are primarily factual. Thompson does not argue that the magistrate judge improperly applied a controlling case, such as *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217 (9th Cir. 2006), or made any decisions that were clearly erroneous or contrary to law. Thompson merely disagrees with the final decision.

The magistrate judge found all the following: (1) plaintiffs/counter-defendants actions in the discovery process substantially delayed the disposition of the case; (2) plaintiffs/counter-defendants repeatedly and willfully refused to complete discovery, even under court orders to perform; (3) the prejudice to defendants/counter-plaintiffs was significant; and (4) lesser sanctions had already been applied in addition to liberal grants to plaintiffs/counter-defendants to comply with discovery obligations. (*See* doc. # 289, at 3). The magistrate judge "reviewed the applicable briefs and considered the extensive history regarding discovery disputes in this case" when issuing its order. (Doc. # 289, at 1:20-21).

The record and accompanying briefs support the magistrate's findings. Thompson did not meet the vast majority of discovery deadlines. When Thompson did meet discovery deadlines the

1  disclosures were usually unsatisfactory and had to be supplemented. The magistrate judge's order
2  is not clearly erroneous or contrary to law and so it remains intact.

### IV.    Attorney Fees Pursuant to Rule 37(b)(2)©

American Family filed a second motion seeking attorney fees pursuant to Federal Rule of Civil Procedure 37(b)(2)©. Federal Rule of Civil Procedure 37(b)(2)© provides that the court "order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

The magistrate judge granted these attorney in an order (doc. # 289) pursuant to Fed.R.Civ.P. 37(b)(2)©. There are two exceptions in the rule for not awarding fees as part of sanctions: (1) the failure was justified; or (2) other circumstances made an award unjust.

American Family timely filed a motion with an affidavit seeking its fees. American Family seeks $8,067.00 for 29.6 hours billed. The court finds that neither of the exceptions apply to Thompson. The fees could have been entirely avoided by merely complying with court orders and discovery obligations. The court further finds that America Family's fee amounts are reasonable.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs/counter-defendants' objections to a magistrate judge's order (doc. # 295) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the magistrate judge's report and recommendation (doc. # 290) be, and the same hereby, is ADOPTED in its entirety.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs' complaint (doc. # 100) be, and the same hereby, is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs' answer (doc. # 142) be, and the same hereby, is STRICKEN.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion for attorney fees (doc. # 291) be, and the same hereby, is GRANTED.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion for attorney fees (doc. # 292) be, and the same hereby, is GRANTED.

DATED January 15, 2013.

                                         /s/ James C. Mahan
                                        **UNITED STATES DISTRICT JUDGE**